## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RONALD KIRCHNER,                          *

    Plaintiff,                        *

v.                                        *          Civ. No. DLB-24-3745

MARYLAND DEPARTMENT OF PUBLIC   *
SAFETY & CORRECTIONAL
SERVICES, *et al.*,                       *

    Defendants.                       *

## MEMORANDUM OPINION

Self-represented plaintiff Ronald Kirchner, a former Maryland state inmate, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, against the Maryland Department of Public Safety and Correctional Services ("DPSCS"), Maryland Division of Correction, Baltimore City Correctional Center ("BCCC"), Aramark, Warden David Greene, Commissioner Phillip Morgan, Gaia DiGiacomo, Stephen Grant, Tamika Johnson, Jessica Mullens, Karen Mitchell, Lt. Cynthia Perry, Sgt. Carla Nixon, Sgt. Lakeisha Braxton, Sgt. Andrea Davis, Sgt. Clarissa Massey, and Chaplain Christopher Wallace.[1] ECF 8. Aramark, DiGiacomo, and Grant ("Aramark defendants") have filed a motion to dismiss. ECF 18. The parties fully briefed the motion. ECF 18-1, 22, 24. No hearing is necessary.[2] *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, the Aramark defendants' motion is granted.

---

[1] The Clerk shall amend the docket to reflect defendant Aramark as Aramark Correctional Services, LLC. *See* ECF 18 at 1.

[2] The non-Aramark defendants recently filed their own motion to dismiss or, alternatively, for summary judgment. ECF 30. It will be addressed in a separate memorandum at a later date.

I.      **Kirchner's Allegations against the Aramark Defendants**

Kirchner "is an Orthodox, practicing Jew and is sincere in his Jewish religious belief." ECF 8, at 1. Kirchner asserts that Aramark, pursuant to a contract with the Maryland Department of Corrections, is required to provide religious meals to inmates according to state and federal law. *Id.* at 9. Kirchner alleges that Jewish dietary laws require him to have a Seder plate and eat a Passover meal (which includes matzah and wine, or grape juice), and the laws prohibit the consumption of chometz (bread) during Passover. *Id.* at 5, 9. According to Kirchner, Aramark intentionally denied him a Passover Seder tray on April 22 and 23, 2024. *Id.* at 6. Kirchner claims that DiGiacomo and Grant are supervisors of the dietary department for DPSCS and failed to supply the required items for Passover, including matzah, grape juice, and a Seder plate, and they failed to intervene in BCCC's provision of meals during Passover that included bread. *Id.* at 12–13.

In support of his claims, Kirchner attached to his amended complaint the regulatory language concerning religious meals and services, Md. Code Regs. 12.03.02.01 (Definitions) and 12.12.17.06 (Chaplaincy Services), as well as a 2022 contract between DPSCS and Aramark Correctional Services, LLC for the provision of food services. ECF 8-4, 8-5, 8-10. Kirchner asserts that the Aramark defendants' failures interfered with his ability to practice his religion. ECF 8, at 13. He claims they violated RLUIPA and his First and Fourteenth Amendment rights to freedom of religion. *Id.* at 23–26.

II.     **Standard of Review**

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have

2

pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe *pro se* pleadings liberally. *Bing v. Brivo*

3

*Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a *pro se* complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

### III.    Discussion

#### A.    Section 1983 Claims

The Aramark defendants argue that Kirchner fails to state a § 1983 claim against them because they are not state actors, Kirchner has not alleged that they violated a policy or practice as required to state a claim pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), and Kirchner has not alleged the individual Aramark defendants' personal involvement.

The United States Code provides a federal cause of action for any individual who believes a state actor has deprived him or her of a constitutional right. *See* 42 U.S.C. § 1983; *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 707 (1999). The statute "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Two elements are essential to state a claim under § 1983: (1) plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and

laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Aramark defendants can be held liable under § 1983 only if they were state actors. Aramark Correctional Services, LLC is a private company, not a government agency. A private party nevertheless may be considered a state actor for purposes of a § 1983 claim under the following circumstances:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999). "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state" and § 1983 is inapplicable. *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

Aramark provides food services to inmates pursuant to its contract with DPSCS. This is "a traditionally and exclusively public function." *See DeBauche*, 191 F.3d at 507. Under these circumstances, Aramark can be considered a state actor. *See id.*; *Smart v. Dep't of Corr. for Queen Anne's Cnty.*, No. TDC-17-3606, 2019 WL 3997128, at *4 (D. Md. Aug. 19, 2019) (citing *Coleman v. Aramark*, 31 F. App'x 808, 809 (4th Cir. 2002) (assuming without deciding that Aramark acted under color of state law for purposes of § 1983 by "performing the traditional governmental function of providing food service at the Jail"), and *Mozden v. Helder*, No. 5:13-CV-05160, 2014 WL 2986711, at *2 (W.D. Ark. July 2, 2014) (collecting cases holding that prison food service providers are state actors because "the food service provider has assumed the state's constitutional obligation to provide a nutritionally adequate diet to inmates")).

A private corporation that acts on behalf of a state actor, such as Aramark, may be found liable under a *Monell* theory of liability under limited circumstances. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (municipal liability under § 1983); *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999) (liability of a private corporation under § 1983). To state a *Monell* claim against a private corporation acting under color of state law, the plaintiff must "identify a . . . 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). A policy or custom may be established in any of four ways:

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law."

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (quoting *Carter v. Morris*, 164 F.3d 215, 217 (4th Cir. 1999)). An entity "may not be held liable under § 1983 solely because it employs a tortfeasor," and the court will not impose liability "under a theory of *respondeat superior*." *Bd. of Cnty. Comm'rs*, 520 U.S. at 403 (citing *Monell*, 436 U.S. at 694); *see Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982) (noting that liability of a private corporation under § 1983/*Monell*, like local government liability under § 1983/*Monell*, requires more than *respondeat superior*).

Because there is no *respondeat superior* liability under § 1983, an Aramark employee such as DiGiacomo or Grant may be found liable only if the plaintiff shows that the official "acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (quoting *Bennett v. Gravelle*, 323 F. Supp. 203, 214 (D. Md.), *aff'd*, 451 F.2d 1011 (4th Cir. 1971)). To state a claim for supervisory liability under § 1983 based on a subordinate's conduct, the plaintiff must plausibly allege that (1) the supervisor had "actual or constructive

knowledge" that a subordinate's conduct "posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff"; (2) the supervisor responded in a manner that was so inadequate that it showed "deliberate indifference to or tacit authorization" of the subordinate's conduct; and (3) there was "an affirmative causal link between the supervisor's inaction" and the plaintiff's constitutional injury. *Timpson ex rel. Timpson v. Anderson Cnty. Disabilities & Special Needs Bd.*, 31 F.4th 238, 257 (4th Cir. 2022) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).

Kirchner fails to state a *Monell* claim against Aramark. He alleges only that he did not receive a Seder tray with the required food and that Aramark intentionally deprived him of food prepared according to Jewish dietary law for Passover. Kirchner does not allege that Aramark has a policy or custom that caused it not to provide the correct kosher meals. Even construing Kirchner's allegations liberally, the Court finds that Kirchner does not plausibly allege that an Aramark policy or custom deprived him of the correct kosher meals. Kirchner's § 1983 claims against Aramark are dismissed without prejudice.

Kirchner also fails to state a § 1983 claim against DiGiacomo or Grant. Although Kirchner alleges that they are supervisors of the dietary department, Kirchner does not allege that either defendant knew that his subordinates failed to provide Kirchner the correct kosher meals, that either defendant responded to these failures inadequately, or that any inaction by DiGiacomo or Grant caused harm to Kirchner. Moreover, Kirchner does not allege that either DiGiacomo or Grant himself was responsible for providing meals and provided meals that were not kosher for Passover. Because Kirchner fails to allege that either DiGiacomo or Grant is personally responsible for the deprivation of his rights or that either DiGiacomo or Grant is subject to supervisory liability, Kirchner's § 1983 claims against DiGiacomo and Grant are dismissed without prejudice.

## B.       RLUIPA Claims

Kirchner's RLUIPA claims are subject to dismissal as well. RLUIPA states:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . , even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person—

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). RLUIPA "protects institutionalized persons who are unable freely to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005); *see Holt v. Hobbs*, 574 U.S. 352, 357-58 (2015); *Smith v. Ozmint*, 578 F.3d 246, 250 (4th Cir. 2009); *Lovelace v. Lee*, 472 F.3d 174, 186 (4th Cir. 2006).

Kirchner cannot recover damages under RLUIPA because RLUIPA claims are limited to equitable relief. *See Sossamon v. Texas*, 563 U.S. 277, 293 (2011) (RLUIPA does not authorize claims for official capacity damages); *see also Rendelman v. Rouse*, 569 F.3d 182, 189 (4th Cir. 2009) (RLUIPA does not authorize claims for individual capacity damages). To the extent he seeks an injunction, his claim is moot because he is no longer incarcerated at BCCC. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there"). Kirchner filed a notice of change of address on May 5, 2025, stating that he was no longer in BCCC's custody and providing the address of his new residence. ECF 5. Kirchner's RLUIPA claims are dismissed without prejudice.

8

## IV.    Conclusion

For the foregoing reasons, the Aramark defendants' motion to dismiss is granted. A separate order follows.

<u>March 6, 2026</u>
Date

_____
Deborah L. Boardman
United States District Judge